In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00143-CR

                                                ______________________________

 

 

                               REGAND RENDELL HARRIS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 3rd Judicial District Court

                                                          Anderson
County, Texas

                                                            Trial
Court No. 29930

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Regand Rendell
Harris appeals his convictions for aggravated robbery and burglary of a habitation.[1]  The indictment alleged Harris intentionally
or knowingly entered, without permission, the residence of Albert Zahn and
committed or attempted to commit theft of U.S. currency.  Additionally it was alleged that Harris,
while in the course of committing theft with intent to obtain or maintain
control of the property, caused bodily injury to Zahn, age seventy-four.  A jury found Harris guilty of both offenses,
and after finding that he had been convicted of two prior felony offenses,
assessed punishment at ninety-nine years’ imprisonment on each count.  The trial court sentenced Harris accordingly
to two concurrent ninety-nine-year sentences. 
Harris appeals both counts arguing (1) the evidence of guilt is
factually insufficient, and (2) there is insufficient corroboration of the
accomplice witness testimony.  Finding
the evidence to be sufficient, we affirm the judgment of the trial court. 

I.          Sufficiency of the Evidence 

 

            Harris
challenges the factual sufficiency of the evidence.  In Brooks
v. State, 323 S.W.3d 893  (Tex.
Crim. App. 2010) (Cochran, J., concurring, Womack, J., joining the concurrence)
(4-1-4 decision), a plurality of the Texas Court of Criminal Appeals abolished
the factual sufficiency review established by Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its
progeny.  The plurality and a concurring
justice agreed that “the Jackson v.
Virginia legal-sufficiency standard is the only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support
each element of a criminal offense that the State is required to prove beyond a
reasonable doubt.”  Id.  Since the Texas Court of
Criminal Appeals has abolished factual sufficiency review and a plurality of
the court held there was no meaningful distinction between legal and factual
sufficiency,[2]
we will construe Harris’ factual sufficiency challenge as a legal sufficiency
challenge. 

            A.        Standard
of Review 

 

            In reviewing
the evidence for legal sufficiency, we consider the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318–19 (1979). 
Legal sufficiency is judged not by the quantity of evidence, but by the
quality of the evidence and the level of certainty it engenders in the
fact-finder’s mind.  Brooks, 323 S.W.3d at 917–18 (Cochran,
J., concurring).

            B.        Elements
of the Offenses

 

            In order to
establish Harris committed aggravated robbery, the State was obligated to prove
Harris, in the course of committing theft, “intentionally, knowingly, or
recklessly cause[d] bodily injury” to another person who is sixty-five years of
age or older.  See Tex. Penal Code Ann.
§§ 29.02, 29.03(3)(A) (Vernon 2003).  The State was obligated, in order to establish
Harris committed burglary, to establish Harris, without effective consent of
the owner, entered a habitation with intent to commit theft.  Tex.
Penal Code Ann. § 30.02(a)(1) (Vernon 2003). “Theft” is the unlawful
appropriation of property with intent to deprive the owner of the property.  Tex.
Penal Code Ann. § 31.03(a) (Vernon Supp. 2010).  

            C.        Analysis
of the Evidence 

 

            The evidence
established that Jacklyn Burris, Harris’ accomplice, knocked on the door of Zahn’s
residence.  Burris had previously worked
for Zahn cleaning his residence.  Zahn,
age seventy-four, answered the door, admitted Burris into the residence, and Burris
asked for money.  After Zahn refused,
Harris forced his way into the house. 
Zahn testified Harris pinned his arms to the chair he was sitting in and
demanded to know “where is the money at.” 
While Harris held Zahn in the chair, Burris found Zahn’s wallet.  Harris and Burris then left with Zahn’s
wallet and its contents.  Zahn testified
the wallet contained approximately $150.00.[3]  

            Zahn
identified Harris in court as the man who robbed him.  Zahn testified he did not invite Harris into
his residence.  Sergeant Jay Russell, a sergeant
with the Anderson County Sheriff’s Office, testified Zahn had previously
identified Harris in a photographic lineup. 
Burris also made an in-court identification of Harris as the
perpetrator.  Zahn testified that Harris
caused him pain when Harris grabbed his arms and that bruises resulted.  Sergeant Ronnie Joseph Foster, an
investigator with the Anderson County Sheriff’s Department, testified the
bruises were “fresh” and were bright red and pink.”  Foster testified the bruises photographed
were not “age spots or anything like that.” 
The State introduced photographs of Zahn’s injuries into evidence, and
Foster agreed with the State that “you could see the fingerprints where the
defendant allegedly held the victim down.”[4]  Zahn testified he was born in 1935.  

            Harris
argues the evidence is insufficient because there were a number of
inconsistencies in Zahn’s testimony.  Harris
argues “[t]he instant case before this Court has the distinct flavor of a
misdirected elderly man, in that Mr. Zahn did not know the perpetrator of the
offenses and had to be led by the police to identify an individual.”  Zahn’s testimony was inconsistent concerning
whether he was wearing the pants where the wallet was located or whether the
pants had been hung up in the closet.[5]  Whether Zahn was wearing the pants is
immaterial to Harris’ guilt; the important issue is whether Harris took the
wallet, not where it was located.  Zahn
was also inconsistent concerning whether Harris knocked him down.[6]  Because the State’s theory was based on
bodily injury caused when Harris pinned Zahn to the chair, whether Harris
knocked Zahn down is immaterial.  The
evidence was also inconsistent concerning whether Zahn had identified Harris in
a photographic lineup.[7]  A rational juror could have determined Zahn
had misunderstood the prosecutor’s questions or misspoke since he later
acknowledged previously seeing the lineup exhibit and identified his initials
on the exhibit.   Even if the jury found
Zahn’s testimony contradictory, these inconsistencies do not render the
evidence legally insufficient.  It is the
jury’s sole province to resolve these contradictions.  Based on both Zahn’s and Russell’s testimony,
a rational juror could have believed that Zahn had identified Harris in the
photographic lineup.             

            A rational
juror could have found all the elements of aggravated robbery and burglary
beyond a reasonable doubt.  The evidence
is sufficient.  Harris’ first issue is
overruled. 

II.        The Accomplice Witness Testimony Is
Corroborated

 

             Harris next argues the State presented
insufficient corroboration of Burris’ testimony.  Burris, who had been charged as a
codefendant, agreed with the prosecutor that she was placed “on deferred
probation because of this offense.”  Harris
notes “the accomplice testimony completely contradicts the testimony of the
victim Mr. Zahn.”  Although Burris
testified Harris had a purple blanket[8]
covering part of his face and “put a knife to [Zahn’s] throat,” Zahn denied “ever
see[ing] a knife” and denied that Harris had a towel covering his face.  Sergeant Foster testified Zahn never
mentioned a knife being exhibited.  

            The State
has no obligation to corroborate every detail of an accomplice witness’
testimony.  Cf. Castillo v. State,
221 S.W.3d 689, 691 (Tex. Crim. App. 2007). 
“There must simply be some non-accomplice evidence which tends
to connect appellant to the commission of the offense alleged in the
indictment.”  Id.  The accomplice witness
rule “creates a statutorily imposed review,” Brown v. State, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008), “concerned
with the sufficiency of the evidence to support the conviction.”  Bible
v. State, 162 S.W.3d 234, 246–47 (Tex. Crim. App. 2005).  Under the accomplice witness rule, one cannot
be convicted on the testimony of an accomplice unless that testimony is
corroborated by other evidence tending to connect the defendant with the
offense committed.  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005).  

            To determine
the sufficiency of corroboration, we must view the corroborating evidence in
the light most favorable to the jury’s verdict. 
Gill v. State, 873 S.W.2d 45,
48 (Tex. Crim. App. 1994).  The test for
weighing the sufficiency of corroborating evidence is to eliminate from
consideration the accomplice’s testimony, and then examine the remaining
testimony and evidence to determine if there is evidence that tends to connect
the defendant with the commission of the offense.  Munoz
v. State, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993); Hall v. State, 161 S.W.3d 142, 149 (Tex. App.—Texarkana 2005, pet.
ref’d).  The nonaccomplice evidence does
not have to directly link the accused to the crime, does not have to establish
guilt beyond a reasonable doubt, and need not prove all the elements of the
alleged offense.  Gill, 873 S.W.2d at 48; Munoz,
853 S.W.2d at 559.  

            Viewed in a
light most favorable to the jury’s verdict and eliminating the accomplice’s
testimony, the corroboration of the accomplice testimony was sufficient.  Zahn, a seventy-four- year-old man, identified
Harris as the person who entered his home without permission, pinned his arms
against a chair causing pain, and took Zahn’s wallet which contained
approximately $150.00.  The nonaccomplice
evidence tends to connect Harris with the burglary and aggravated assault.  Accordingly, we overrule Harris’ remaining
issue.

            For the
reasons stated, we affirm.

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          January
12, 2011

Date Decided:             January
19, 2011

 

Do Not Publish











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]In
the Brooks plurality opinion, the plurality
found “no meaningful distinction between the Jackson v. Virginia legal-sufficiency standard and the Clewis factual-sufficiency standard, and
these two standards have become indistinguishable.”  Brooks,
323 S.W.3d at 902 (4-1-4
decision).  





[3]Sergeant
Ronnie Joseph Foster testified Zahn informed him the wallet also contained a
Kroger card, Brookshire card, Zahn’s driver’s license, a Lone Star Card, and
Zahn’s social security card.  





[4]The
photocopy of the exhibit in the record is not sufficiently clear to determine
whether such marks were visible on Zahn’s arms. 

 





[5]Zahn
testified during direct examination that he was wearing the pants where the
wallet was located.  On cross-
examination, Zahn responded in the affirmative when asked whether the pants “were
the pants you had had that day” and when asked, “Were they -- You were wearing
them?”  On redirect, the following
exchange occurred:

 

Q.            [State]:  Were you wearing [the pants] when they came
in?

A.            [Zahn]:  Yes, sir.

Q.            You were?

A.            No. 
I wasn’t wearing them.

Q.            You weren’t wearing them?

A.            They were hanging up.

Q.            They were hanging up?  Where were they hanging up, sir?

A.            In the closet.

  





[6]Zahn
first testified that he was sitting down in a rocking chair when Harris pinned
his arms to the chair.  On direct
examination, Zahn testified he was “sitting down” when Harris grabbed his
arms.  On cross-examination, Zahn
testified Harris knocked him down.  

 





[7]Sergeant
Russell testified Zahn had previously identified Harris in a photographic
lineup.  On direct examination, Zahn was
shown the photographic lineup and asked if he had “seen this before” and
answered “no.”  On redirect, Zahn
verified he had identified a suspect in a photographic lineup and identified
his initials on the exhibit.  





[8]Burris
described the blanket as a purple “baby blanket.”  Burris testified Harris had tied the blanket
around his face under his nose.